# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD L. PAUL | CIVIL ACTION |
| VERSUS | NO. 12-2359 |
| SHARON WEAVER, ET AL. | SECTION "A"(1) |

## REPORT AND RECOMMENDATION

Plaintiff, Ronald L. Paul, a state prisoner, filed this federal civil rights action against Parole Officers Sharon Weaver and DeShaun Young. Plaintiff states his claim as follows:

> On February 1, 2012, Plaintiff was due to be released from prison after serving (7) years for PWID (Marijuana), but due to Plaintiff being a sex offender for a 1994 conviction, Plaintiff had to get a residence plan accepted, which Plaintiff went through the proper procedures. Sharon Weaver and DeShaun Young are refusing to provide Plaintiff's family and Angela Alexander with the proper information to shelters and other places in the Jefferson Parish area that are approved by D.O.C. for sex offenders. Sharon Weaver and DeShaun Young coerced owner Mr. Shrader to deny residence when there are sex offenders already residing at the residence of 7609 4th Street. Marrero, La. 70072. This constitute as inadequate parole processing by Parole Officer Sharon Weaver and DeShaun Young and it violates the Plaintiff U.S. Constitutional Rights of the 8th Amendment (Discrimination). The denial of residence makes it hard for Plaintiff's family and Angela Alexander to get their money back from owner/landlords such as Mr. Shrader and Mr. Dwight at 938 ½ Silver Lilly Lane - Marrero, La. 70072.[1]

He requests the following relief:

> First and foremost, Plaintiff wants Sharon Weaver and DeShaun Young off his case and appointed to someone else (Parole Officer). Secondly, Plaintiff wants to be awarded $60,000 dollars for cruel and unusual punishment, mental anguish, and pain and suffering.[2]

---

[1] Rec. Doc. 1, pp. 4-5.

[2] Rec. Doc. 1, p. 5.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those

claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[3] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and for failure to state a claim on which relief may be granted.

## II. Plaintiff's Claims

Plaintiff brought this federal civil rights action pursuant to 42 U.S.C. § 1983. That statute provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be

---

[3] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

3

subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

In the complaint, plaintiff alleges that the defendants are discriminating against him. Therefore, the complaint, broadly construed, appears to be asserting an equal protection claim. However, to properly state an equal protection claim, a plaintiff's allegations must have two prongs: (1) "that he received treatment different from that received by similarly situated individuals" and (2) "that the unequal treatment stemmed from a discriminatory intent." Taylor v. Johnson, 257 F.3d 470, 473 (5th Cir. 2001). Plaintiff's equal protection claim fails on the first prong of that analysis, because he does not allege that he is being treated differently than "similarly situated individuals," i.e. convicted sex offenders desiring assistance in finding housing. Further, if, aside from any equal protection considerations, plaintiff is instead merely contending that a parole officer's failure to provide a convicted sex offender with assistance in finding acceptable post-incarceration housing violates the federal constitution, this Court has found no legal authority supporting that contention.[4]

---

[4] Although it is not entirely clear from plaintiff's complaint, his claim appears to be related to the provisions of La.Rev.Stat.Ann. § 15:561.5 which set forth the conditions for a sex offender to be placed on supervised release. One of those conditions is that the offender "[s]ubmit a residence plan for approval by the supervised release officer." La.Rev.Stat.Ann. § 15:561.5(15). However, that statute appears to place only an *obligation on the offender* to formulate and submit an acceptable "residence plan"; it does not appear to place an *obligation on the parole officer* to assist the offender in locating or securing appropriate housing. Further, in any event, if even a parole officer had such an obligation under state law, it would be of no moment in this federal proceeding. It is clear that "a violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights." Woodard v. Andrus, 419 F.3d 348, 353 (5th Cir. 2005); see also Rector v. City and County of Denver, 348 F.3d 935, 947 (10th Cir. 2003) ("It is well-established ... that a state's violation of its own laws does not create a claim under § 1983.").

That said, even if there were a federal violation in this case, the Court has no authority to grant the relief plaintiff seeks for the following reasons.

To the extent that plaintiff wants the Court to order that he be appointed a new parole officer or that defendants Weaver and Young do their duty, the Court cannot oblige. See, e.g., Emerson v. Owens, No. 11-51220, 2012 WL 2525998 (5th Cir. July 2, 2012) ("[A] federal district court is not authorized to grant relief in the nature of mandamus relief to direct state officials in the performance of their duties and functions.'); Beasley v. Mangrum, No. 01-21252, 2002 WL 1940114 (5th Cir. July 26, 2002) (holding that a request that a state official be "removed from his duties" was "in the nature of mandamus relief" which the federal courts could not grant); Knod v. Roberts, No. 98-40905, 1999 WL 499896 (5th Cir. June 17, 1999) ("A district court has no mandamus authority to compel a state official or employee to perform a duty owed to a plaintiff.").[5]

To the extent that plaintiff is seeking compensatory damages, federal law provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Because plaintiff suffered no such physical injury, he is barred from asserting claims for compensatory damages. See, e.g., Herman v. Holiday, 238 F.3d 660, 665-66 (5th Cir. 2001); see also Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005) ("We agree with the majority of the other federal circuits that have addressed this issue in holding that it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e)

---

[5] Further, it is axiomatic that an individual does not have a constitutional right to a parole officer of his choice or liking. See, e.g., Kevakian v. Kennedy, No. C 94-20382, 1995 WL 7938, at *10 (N.D. Cal. Jan. 6, 1995).

applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury.").

### RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this fifteenth day of October, 2012.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.